W. A. DEXTER (As Executor), Appellant, v. E. B. LICHTENWAL-TER and RUBY LICHTENWALTER, Respondents.

(186 N. W. 279.)

**Mortgages — held that testator's executor could not enforce mortgage taken by testator to prevent loss of land given to a son through the latter's improvidence.**

In an action to foreclose a real estate mortgage where it appeared that the land covered by it had been deeded by a father to his son with the understanding that the land was a gift; that the father had taken from the son and his wife the notes and mortgage in question for the purpose of preventing the grantees and mortgagors from losing their homestead through improvidence; that the mortgagee subsequently made a will reciting that he had advanced money or property to the mortgagor amounting, approximately, to $5000.00, there being no showing that the advancement consisted of money or property other than the land so

mortgaged; and that the son, prior to the conveyance to him, had long been in possession of the land paying taxes but no rent—it is *held*:

The notes and mortgage are not enforceable at the suit of the executor of the mortgagee.

Opinion filed Dec. 30, 1921.

Appeal from the District Court of Foster County, North Dakota, *Coffey, J.*

*W. E. Hoops, R. C. Morton* of counsel, for appellant.

Under the maxim above cited it is the rule of law that equity always refuses to lend its aid in any manner to one seeking its active interposition who has been guilty of unlawful or inequitable conduct in the matter in relation to which he seeks relief. 16 Cyc. Law & Procedure, p. 145 and case there cited.

The right of the executor to bring this action in his own name has been brought into question and bearing upon that we say the authority is so overwhelmingly in support of our contention we offer no argument. 18 Cyc. 23; 18 Cyc. 20; American Soda Fountain v. Hogue, 17 N. D. 375; Barry v. Howard, 127 N. W. 526.

That debt being barred does not extinguish the right to foreclose the mortgage. Jones on Mortgages, § 1204; Wisewell v. Baxter, 20 Wis. 680; Wigerton v. Schneider, 26 Wis. 385; Henry v. Mina Co. 1 N. W. 619; Read v. Edward, 2 N. W. 262.

This property represented by the notes cannot be a gift. To be a gift it must have been executed as such and to execute this gift these notes must have been delivered up to defendant. Donover v. Argo, 44 N. W. 818 (Iowa); Jones, Evd., p. 980, § 781; Carr v. Carr, 101 N. W., p. 550.

*C. B. Craven,* for respondents.

"Parol evidence is admissible to prove or explain or to impeach the consideration of a negotiable instrument." Enc. of Evid. Vol. II, p. 491, and cases cited; Enc. of Evid. Vol. II, p. 493; Harris v. Harris, 69 Ind. 181.

"Since the question of advancement between father and son is a question of intention, parol evidence was admissible to show that a note

given by a son for the sum furnished him by his father was intended as a memorandum of an advancement." Gardner v. Taylor, 58 S. W. 758; Stoery v. Stoery, 214 Fed. 973.

"Where a protected party on cross examination goes into new matter not touched upon in the direct examination and as to which the witness is incompetent under the statute, he thereby waives the incompetency as to such new matter." Enc. of Evi. Vol. XII, p. 1010 and case cited note 17. This is also the view of the Iowa Court: Millison v. Rittgers, 118 N. W. 512; Walkley v. Clark, 78 N. W. 70.

Our own statutes disqualifying a witness removes the prohibition if the witness is called by the adverse party. 1913 Code § 7871.

"The findings of fact made by a trial court as where a trial by jury has been waived, or findings were made in the Court of trial or proceedings, are on the same footing as a verdict of the jury, unless there has been some statutory provisions to the contrary, and are generally considered conclusive on appeal." 4 C. J. 876 and cases cited, note 78.

This Court has on at least five different occasions so held: Foster County State Bank v. Hester, 18 N. D. 135, 119 N. W. 1044; State v. Banks, et al 24 N. D. 21; 138 N. W. 973; Bergh v. John Wyman Land & Loan Co. 30 N. D. 158; 152 N. W. 281; Stavens v. Elevator Co. 161 N W. 558; Yocum v. Chrisman, 168 N. W. 621; Lark Equity Exchange v. Jones, 171 N. W. 863.

BIRDZELL, J. This is an appeal from a judgment of dismissal in an action to foreclose a real estate mortgage. Trial de novo. The facts are as follows:

In the fall of 1901, the defendant, E. B. Lichtenwalter, made a homestead entry on a quarter section of land in Foster county. The following year, his father, Solomon R. Lichtenwalter of Toledo, Iowa, purchased a half section of land in the same vicinity for $3,200. The defendant had possession of this half section from the time his father purchased it paying all the taxes, with the exception of the first year's tax, and no rent. When the defendant had completed the proof on his homestead in 1905, he moved his improvements to the northeast quarter of section 29, township 146, range 64, which was one of the quarter sections that had been purchased by his father. He, the defendant, made other improvements there, and continued to make it his home. In 1910, the

father conveyed his one-half section to the defendant, and at about the same time, June 15, 1910, the defendant and his wife executed four notes for $1,000 each, payable to the father, which were secured by a real estate mortgage of even date on the northeast quarter, where the defendant was living. This is the mortgage sought to be foreclosed in this action. The following October, the defendant's father made a will which contains the following paragraph:

"I now proceed to make some specific devises and bequests but have already advanced to my daughter Geneve and to my son Bruce B. property or money in value or amount substantially equal to what I now give to my other children, I make no special devise or bequeath to them."

He then gave about $5,000 to each of the other children. In July of the following year, 1911, the father died. The notes and mortgage in question were inventoried as part of his personal estate, and this action is brought by the executor to collect the notes and foreclose the mortgage.

In our opinion the record presents no doubtful question of law or fact. It is well established by competent evidence that the senior Lichtenwalter had purchased this one-half section of land for his son, the defendant; that he did not have full confidence in the son's ability to take care of his business affairs; that he specifically disapproved of at least one doubtful venture, when the son contracted a large indebtedness in the purchase of a threshing outfit; and that, while he was desirous of transferring the land to the son, he wanted to fix it so that the defendant and his wife could not be deprived of their home through improvidence. The defendant testified without objection that his stepmother had told him that his father had stated that the notes were not to be collected. Upon direct examination the defendant was not asked concerning the transaction between himself and his father. Such evidence was doubtless conceived to be incompetent under § 7871, C. L. of 1913. But upon cross-examination plaintiff's counsel inquired into the transaction exhaustively, as a result of which it appeared that an arrangement existed between the defendant and the father whereby, if the defendant would move his buildings upon the father's land, break it up and improve it, that he, the father, would deed the land to the defendant; also that the only object of the mortgage was to protect the homestead against the possibility of its being taken by creditors or voluntarily frittered away by the defendants. Since the evidence clearly establishes the transaction

to have been of the character stated, it is clear that there was no actual consideration for the notes and the mortgage, and that at the time they were given it was understood that they did not represent an indebtedness, and that the father would not enforce collection. Furthermore, the record is devoid of any evidence tending to establish that the father ever advanced any other moneys or property to the defendants. Thus, in the light of the will, which recites, in effect, that approximately $5,000 in money or property had been advanced to the defendant Bruce B., it must be found that this one-half section, the value of which was no greater than this, was the property referred to as having been advanced. Clearly, it was not advanced at all if the testator held an enforceable mortgage for approximately its value.

Counsel argue that the principal defendant has practically acknowledged the indebtedness in a letter dated November 1, 1919, which was written to his stepsister, one of the legatees. The letter is typewritten, and apparently was drafted by some one other than the defendant for his signature. It does contain a specific acknowledgement of the indebtedness, and suggests that the addressee and the other heirs give their consent for the executor to withhold foreclosure proceedings and await the collection of the notes and mortgages until final settlement of the father's estate, at which time the amount might be deducted from the defendant's share. The letter in evidence is a carbon copy and is so drawn as to indicate that similar letters were sent to the other heirs and legatees with a view to effecting an amicable adjustment. The complaint alleges that a notice of intention to foreclose had previously been served upon the defendant, and the defendant testified, in substance, that he would rather have given up his interest in the estate of his father than be brought to court in this foreclosure proceeding.

We think that, in the light of the evidence showing the nature of the transaction and of the pressure that was being brought to bear to collect the notes given by the defendant, the effect of the letter as an admission is largely destroyed. We are of the opinion that the judgment is clearly right, and it is affirmed.

GRACE, C. J., and BRONSON, CHRISTIANSON, and ROBINSON, JJ., concur.